CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELBRYAN TREMAINE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24-cv-00764 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Elbryan Tremaine Davis ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against the United States of America. (*See* ECF No. 1.) For the following reasons, his petition will be denied.

## I.    BACKGROUND

In his petition, Petitioner alleges he is seeking relief because the Federal Bureau of Prisons ("BOP") "is violating federal laws and policy to keep him incarcerated," but he does not allege in what ways he believes the BOP has acted or is acting unlawfully. (*Id.* at 1.) Petitioner further claims that he is subject to immediate release under the First Step Act because he has acquired 553 "program days." (*Id.*) He asks the court to apply this time to his good-conduct time so that he can be released immediately.

The BOP website indicates that Petitioner is no longer in BOP custody.[1] *See* https://www.bop.gov/inmateloc/ (indicating that Elbryan Termaine Davis #36862-509 is "Not in BOP Custody as of: 08/19/2025") (last visited Apr. 13, 2026).

---

[1] Courts "routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (collecting cases); *see, e.g.*, *United States v. Horton*, No.

## II.    ANALYSIS

Article III of the United States Constitution limits the jurisdiction of federal courts to only "cases" or "controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v .Cuno*, 547 U.S. 332, 341 (2006)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013).

A petitioner's release from custody after filing a § 2241 petition generally moots the petition. "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance." *Gross v. Unknown*, No. 7:22CV00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2007)). Though a petitioner's release does not automatically render his habeas corpus petition moot, "[p]etitions under § 2241 generally challenge the execution of a federal prisoner's sentence, and both the Fourth Circuit and [district courts within this Circuit] have dismissed sentence-focused habeas petitions as moot after a petitioner was released from custody." *James v. Janson*, No. 922CV03452MGLMHC,

---

1:22-CR-00196-JRR-1, 2025 WL 2144852, at *1 (D. Md. July 29, 2025) (taking judicial notice of inmate's release date on the BOP's website); *Peterson v. Rokosky*, No. 1:23-CV-00576, 2024 WL 4248778, at *2 (S.D.W. Va. Aug. 9, 2024), *report and recommendation adopted*, No. CV 1:23-00576, 2024 WL 4245431 (S.D.W. Va. Sept. 19, 2024) (same); *High v. Chandler*, No. 4:20-CV-03235-RBH, 2021 WL 2885902, at *1 (D.S.C. July 9, 2021) (same).

2023 WL 3958437, at *2 (D.S.C. May 26, 2023), *report and recommendation adopted*, No. CV92203452MGLMHC, 2023 WL 3948566 (D.S.C. June 12, 2023) (collecting cases).

The Fourth Circuit has recognized two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The first, the "collateral consequences" exception, applies "where a conviction results in collateral consequences sufficient to create 'a substantial stake in the . . . conviction which survives the satisfaction of the sentence.'" *Id.* (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). The second, the "capable of repetition, yet evading review" exception, applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Where neither exception applies, a petitioner's release will moot his § 2241 petition seeking release. *See Gross*, 2023 WL 3026734, at *1.

Here, the court can no longer award the specific relief Petitioner seeks—release from custody—because he has already been released. And nothing in his § 2241 petition indicates that he faces collateral consequences or that he is likely to be subjected to the same allegedly unlawful action in the future. Accordingly, his petition is moot, and there is no longer an actual controversy for the court to adjudicate. *See Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *1 (E.D. Va. Apr. 26, 2010) (dismissing § 2241 petition seeking good-time and prior-custody credit as moot after petitioner's release even though he remained on supervised release); *see also Rush v. Heckard*, No. CV 5:23-00368, 2025 WL 1943742, at *3 (S.D.W. Va. June 16, 2025), *report and recommendation adopted*, No. 5:23-CV-

00368, 2025 WL 1932514 (S.D.W. Va. July 14, 2025) ("Petitioner's claims were rendered moot by virtue of his release from custody . . ., and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed.").

### III.    CONCLUSION

For the reasons set forth above, Petitioner's § 2241 petition will be denied as moot.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying order to Petitioner.

**ENTERED** this 14th day of April, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE